# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ESTATE OF JULIE E. GORDON NICHOLS, DECEASED** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.12-4098-RDR |
| **JOHN E. GORDON**, ) ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case started with a petition filed in the District Court for Jefferson County, Kansas. Defendant removed the case to this court. This case is now before the court upon plaintiff's motion to remand the case back to state court and plaintiff's motion for leave to file an amended complaint. Defendant argues that the case should not be remanded because plaintiff makes a claim for undistributed ERISA plan benefits. Because the court finds that plaintiff does not have standing to make such a claim, the court shall grant the motion to remand.

I. Allegations in the petition

The petition alleges that, starting January 8, 2011, defendant has been receiving a death survivor benefit from the retirement account of the deceased Julie E. Gordon Nichols, even though Julie E. Gordon Nichols and defendant were divorced in April 2001. The petition further alleges that according to the divorce agreement/property settlement defendant was only to

receive payments from the retirement account through September 2003.  Plaintiff contends in the petition that defendant has breached the agreement and been unjustly enriched by receiving and retaining funds from the retirement account and prays:

> for an order of judgment from the Court that Defendant has breached the Agreement and a judgment against him for any and all amounts received stemming from such breach, including but not limited to a finding by this Court that a constructive trust is warranted for such sums previously paid and will be paid in the future and that Plaintiff be awarded the amount in the constructive trust *in personam* against the Defendant . . . .

## II.  Removal standards

Defendant removed the case to this court, pursuant to 28 U.S.C. § 1441(c)[1] asserting that this is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) – the ERISA statute.  "There is a presumption against removal jurisdiction."  Yellow Transp., Inc. v. Apex Digital, Inc., 406 F.Supp.2d 1213, 1214 (D.Kan. 2005)(interior quotation omitted).  All doubts regarding removal jurisdiction are resolved in favor of remand. Id.   The Tenth Circuit has stated that to support removal jurisdiction "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be disclosed upon the face of the complaint,

---

[1] Section 1441(c) provides for removal of a civil action if it includes "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 [of Title 28 United States Code])."

unaided by the answer or by the petition for removal." <u>Fajen v. Foundation Reserve Ins. Co., Inc.</u>, 683 F.2d 331, 333 (10th Cir. 1982)(interior quotation omitted).  Defendant has the burden of establishing the requisite elements for removal.  See <u>Karnes v. Boeing Co.</u>, 335 F.3d 1189, 1193 (10th Cir. 2003).

III.  <u>Arguments and analysis</u>

Plaintiff contends that remand back to the state court should be ordered because plaintiff is bringing state law claims of breach of contract and unjust enrichment, not claims arising under the Constitution and laws of the United States.  Defendant rejoins that under the complete preemption doctrine the Supreme Court has recognized that removal may be proper when a complaint purports to raise only state-law claims if federal legislation (in this case ERISA) unambiguously intends to treat such actions as arising under the laws of the United States.  See <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1, 7 (2003)(citing <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 65-66 (1987)).

Section 502(a) of ERISA authorizes civil actions by a "participant or beneficiary" to recover benefits due under the terms of an ERISA-governed plan or to clarify the rights to future benefits under the terms of the plan.  29 U.S.C. § 1132(a).  A state-law claim that falls within this section may be removed to federal court under the doctrine of complete preemption.  <u>Taylor</u>, 481 U.S. at 66-67; <u>Hansen v. Harper</u>

3

Excavating, Inc., 641 F.3d 1216, 1221 (10th Cir.) cert. denied, 132 S.Ct. 574 (2011).

Plaintiff makes two arguments for why the complete preemption doctrine does not apply in this instance. First, plaintiff contends that it is not bringing a claim for undistributed benefits or future benefits. Instead, plaintiff claims that it is making a claim for money which has already been distributed by the retirement plan to defendant. The petition, however, states that plaintiff seeks a court order creating a constructive trust for such sums that will be paid in the future to defendant. Thus, at the time this case was removed to federal court, plaintiff appeared to be making a claim for, or to clarify the rights to, future undistributed benefits under the plan. Under the right circumstances, such claims are within the exclusive domain of ERISA. Estate of Kensinger v. URL Pharma, Inc., 674 F.3d 131, 137-38 (3rd Cir. 2012)(and cases cited therein).

Plaintiff's second argument for remand is that plaintiff is not empowered, or is without standing, to bring an ERISA claim. Thus, plaintiff argues the complete preemption doctrine should not be applied if plaintiff does not have a colorable ERISA claim. This argument has merit in the court's opinion.

As mentioned previously, under ERISA, a civil suit may be brought in federal court by a "participant or beneficiary . . .

to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). The term "beneficiary" means "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). No argument has been made that plaintiff is a "beneficiary" designated by a participant to receive a benefit under the retirement plan in question now or in the future. So, the court will proceed to examine the term "participant" which means "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). Plaintiff does not appear to fit cleanly under this definition either. Defendant, however, cites case authority without rejoinder from plaintiff for the proposition that the estate of a beneficiary or plan participant has derivative standing to bring suit under ERISA. E.g., <u>Clarke v. Ford Motor Co.</u>, 220 F.R.D. 568 (W.D.Wis. 2004); <u>James v. La. Laborers Health & Welfare Fund</u>, 766 F.Supp. 530, 534 (E.D.La. 1991); see also, <u>Scott v. Regions Bank</u>, 702 F.Supp.2d 921, 929 (E.D.Tenn. 2010). It should be noted, however, that these cases

5

and the other cases cited by defendant involve actions brought against ERISA plans or their administrators. This distinction is important to the issue of standing.

Assuming that plaintiff may sue derivatively as a "participant" under an ERISA plan, it is still necessary for standing that plaintiff have a colorable claim to benefits. Hansen, 641 F.3d at 1222. In the court's opinion, plaintiff does not have a colorable claim to undistributed benefits if it is not suing the plan or plan administrator. Here, plaintiff is suing an alleged plan beneficiary, not the plan or the plan administrator. Although the petition seeks a constructive trust upon future benefits, the named defendant has no control over undistributed benefits. Therefore, plaintiff does not have a colorable claim or standing to bring such a claim against defendant.

Standing requires a causal connection between the injury and the conduct complained of and a likelihood that a favorable decision will redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561-62 (1992). A favorable decision against the named defendant will not have any impact upon undistributed benefits because the named defendant has no authority or control over undistributed benefits. See National Parks & Conservation Ass'n v. Bureau of Land Management, 606 F.3d 1058, 1074-75 (9th Cir. 2009)(no standing to bring action

against National Park Service to stop proposed land exchange for a landfill development project because National Park Service did not have authority to stop the project – the Bureau of Land Management did).

The court notes that remand was ordered in a similar case where the plaintiff estate argued under state law that it was entitled to pension funds <u>after</u> such funds were distributed by the pension plan to the rightful beneficiary.  <u>Estate of J.D. Boss v. Boss</u>, 2011 WL 432874 *4 (W.D.Ky. 2/4/2011).  Although plaintiff makes a claim for undistributed benefits in the petition in addition to a claim for post-distribution benefits, plaintiff does not have standing to make a claim for undistributed benefits against the only defendant named in this matter.  Therefore, the court believes that remand is proper in this case.  Because the court intends to grant remand, the motion to amend does not require decision.

IV. <u>Conclusion</u>

In conclusion, plaintiff's motion for remand (Doc. No. 6) is granted.  The court takes no position upon the motion to amend, Doc. No. 10.

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2012, at Topeka, Kansas.

                                         s/Richard D. Rogers
                                         United States District Judge